Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 944 | **DATE** | September 30, 2011 |
| **CASE TITLE** | *Zander v. Groh* | | |

**DOCKET ENTRY TEXT**

The plaintiffs are directed to file a memorandum in support of their motion for leave to amend (or motion to voluntarily dismiss depending on the rule they elect to proceed under) no later than October 12, 2011. The memorandum shall contain a discussion, with citations to authority, of whether the motion to eliminate the copyright claim should be considered under Rule 15 or Rule 41, and why. The defendants' response is due no later than October 26, 2011, and the plaintiffs' reply is due no later than November 9. 2011.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiffs filed suit seeking relief under the Copyright Act, 17 U.S.C. § 106, and raising other claims. After conducting some discovery, the plaintiffs sought leave to amend their complaint under Fed. R. Civ. P. 15(a) to add a trademark count and delete a count of copyright infringement. The defendants asserted that the plaintiffs' request to amend the complaint to eliminate the copyright count should be construed as a motion to dismiss the copyright count under Fed. R. Civ. P. 41(a)(2). The defendants proposed that, so construed, the copyright count should be dismissed with prejudice and they should be awarded fees as a prevailing party under 17 U.S.C. § 505.

Without comment, the magistrate judge accepted the defendants' suggestion that the motion for leave to amend under Rule 15 should be construed as a motion to dismiss under Rule 41. Having done so, two issues remained for the magistrate judge to address: (1) on what terms should the copyright count be dismissed (*i.e.*, with or without prejudice); and (2) are the defendants entitled to an award of attorney's fees? The magistrate judge did not approach these issues separately. Instead, without expressly addressing whether the copyright claim should be dismissed with or without prejudice, the magistrate judge concluded that "[i]n the absence of a showing of frivolousness or bad faith, the court is reluctant to penalize a party's voluntary dismissal because voluntary dismissal of a claim or an action reduces the parties' costs in litigation and conserves judicial resources." July 18, 2011, Order at 4, Dkt. #87. The magistrate judge then dismissed the copyright claim with prejudice but declined to assess attorney's fees against the plaintiffs. The defendants object to the magistrate judge's failure to award attorney's fees on the dismissed copyright count.

The parties do not address whether the magistrate judge's order dismissing the copyright claim resolved a dispositive or non-dispositive issue. This is an important distinction as it affects the standard of review used by this court. *See* Fed. R. Civ. P. 72(a) & 72(b). There appears to be a split of authority as to

| STATEMENT |
|---|

whether a dismissal under Rule 41 is dispositive. *Compare Melia Intern. N.V. v. Kaplan Russin & Vecchi*, No. Civ. A. No. 91–0680 (SSHpja), 1992 WL 25904, at *1 (D.D.C. Jan. 31, 1992) (issuing report and recommendation on plaintiff's motion for voluntary dismissal which defendants did not object to on grounds they were reimbursed attorney's fees and indicating that issue was "dispositive") *with Wagner-Mason v. ITT Educational Services, Inc.*, No. 3:10-cv-33, 2010 WL 4065492, at *1 n.1 (S.D. Ohio Oct. 15, 2010) ("In addition to the Report and Recommendations, Magistrate Judge Merz also issued a dismissal order as to Plaintiffs first claim . . . , because Plaintiff moved for dismissal [after an answer had been filed] pursuant to Fed. R. Civ.P. 41(a). A motion for voluntary dismissal is not dispositive and thus was properly decided by Magistrate Judge Merz.").

      In the interests of judicial efficiency, this court will address the plaintiff's motion anew, and thus need not consider which standard of review applies. Whether the plaintiffs' motion should be considered as a motion for leave to amend or instead construed as a motion to dismiss under Rule 41, *see e.g., Sarff v. Farmco, LLC*, No. 11-3153, 2011 WL 3489842, at *1 (C.D. Ill. Aug. 10, 2011) ("Most courts interpret Rule 41(a) as allowing dismissal of entire actions, not one of several claims against a defendant"), must be resolved prior to consideration of the attorney's fees issue. The plaintiffs are directed to file a memorandum in support of their motion for leave to amend (or motion to voluntarily dismiss depending on the rule they elect to proceed under) no later than October 12, 2011. The memorandum shall contain a discussion, with citations to authority, of whether the motion to eliminate the copyright claim should be considered under Rule 15 or Rule 41, and why. The defendants' response is due no later than October 26, 2011, and the plaintiffs' reply is due no later than November 9. 2011.

      Depending on the nature of the court's ruling on this issue, the parties may then be directed to submit further briefs on the attorney's fees issue. In the interim, the court strongly encourages the parties to attempt to resolve the issue without further court involvement.