Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 944 | **DATE** | November 22, 2011 |
| **CASE TITLE** | | *Zander v. Groh* | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion for leave to amend is granted on the condition stated herein. Should the plaintiffs accept the condition, they shall file a statement no later than December 2, 2011, notifying the court that they intend to stand on their second amended complaint, which does not contain the copyright count. However, should the defendants decide not to accept the condition imposed by the court, they may file a third amended complaint, consistent with their obligations under Rule 11, no later than December 2, 2011, 2011.

■[ For further details see text below.]

00:00

## STATEMENT

    As noted in a previous order, the magistrate judge construed the plaintiff's motion for leave to amend under Rule 15 as a motion to voluntarily dismiss under Rule 41. Neither party objected to this characterization of the plaintiffs' motion. Indeed, in the reply in support of its motion for leave to amend, the plaintiffs address only whether the copyright claims should be dismissed with or without prejudice under Rule 41 and the attorney's fees issue and do not discuss whether construing their motion as one under Rule 41 was the proper course of action. As previously indicated, this court decided to address the issue anew and directed the parties to brief the issue.

    One court that addressed this issue recently noted that "[m]ost courts interpret Rule 41(a) as allowing dismissal of entire actions, not one of several claims against a defendant." *Sarff v. Farmco*, LLC, No. 11-3153, 2011 WL 3489842, at *1 (C.D. Ill. Aug. 10, 2011) *(citing Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1)(i) speaks in terms of dismissing an action, not a claim). Other courts have come to a similar conclusion. *See e.g., Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 601 (N.D. Ill.1993) (holding that a motion to voluntarily dismiss the federal claim was more properly treated as an amendment under Rule 15(a) and not a dismissal under Rule 41(a)(2)); *Becker v. Fitzgerald*, 1995 WL 215143 (N.D. Ill. 1995) (concluding that Rule 41(a) only allows for voluntary dismissal of an entire action, in contrast with Rule 41(b) which allows a defendant to move for involuntary dismissal of "an action or of any claim").

    The plaintiffs contend that the proposed amendment should therefore be considered under Rule 15(a). The defendants, on the other hand, assert that whether the elimination of the copyright claims occurs pursuant to Rule 15 or Rule 41, they should be awarded attorney's fees under the Copyright Act. As noted by another court in this district:

There is some authority that Fed. R. Civ. P. 41(a) applies to the voluntary dismissal of a claim. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1479 at 568 (1995). However, in the present case, there is no real difference between the application of Rule 41(a)(2) and Rule 15(a), because leave of court is required in either circumstance, and the court may condition granting that leave under either rule.

*Relational Funding Corp. v. Advantage Schools, Inc.*, No. 02 C 1242, 2003 WL 21087885, at *1 n.1 (N.D. Ill. May 12, 2003). *See also Chambers v. Time Warner, Inc.*, No. 00 Civ. 2839(JSR), 2003 WL 1107790, at *2 (S.D.N.Y., Mar. 12, 2003) ("In all respects here relevant, a Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of the claim.") (*citing Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2nd Cir.1985) ("[A] district court may permit withdrawal of a claim under Rule 15 subject to the same standard of review as a withdrawal under Rule 41(a).") (internal citations omitted).

Because the plaintiffs move under Rule 15(a) and the defendants do not argue that Rule 41 should apply instead, the court considers the plaintiffs' motion for leave to eliminate its copyright claims under Rule 15(a). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Moreover, "[i]t is well-settled that [under Rule 15(a)] the court may impose conditions to amendment that will protect the other party from possible prejudice." *Relational Funding Corp.*, No. 02 C 1242, 2003 WL 21087885, at *1 (*citing* 6 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1486 at 605) ("The statement in Rule 15(a)(2) that the court 'should freely give leave when justice so requires' presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it.").

Here, the plaintiffs admit that they are seeking to drop their copyright claims because the evidence that they believed supported their claims did not in fact exist. Thus, they are granted leave to amend their complaint to eliminate the copyright claims. However, in order to protect the defendants from the prejudice of having had to expend time and money litigating these claims for approximately a year-and-a-half, the court conditions the amendment on the plaintiffs paying the defendants' reasonable attorney's fees related to litigating these claims. This result allows the plaintiffs to bring new copyright claims in the future should evidence arise subsequent to the date of this order which provides a basis for relief. However, it also recognizes that the defendants have spent money defending claims that the plaintiffs admit lack evidentiary support. Indeed, in light of the "very strong" presumption in favor of awarding fees to a prevailing party defendant in a copyright case, *see Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004), and the plaintiffs' essential admission that the defendants would prevail if the plaintiffs pursued these claims through the dispositive motion stage or trial, the court deems this result the most equitable.

Accordingly, should the plaintiffs accept the condition, they shall file a statement no later than December 2, 2011, notifying the court that they intend to stand on their second amended complaint, which does not contain the copyright count. However, should the defendants decide not to accept the condition imposed by the court, they may file a third amended complaint, consistent with their obligations under Rule 11, no later than December 2, 2011.